884 F.2d 1398
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
FROESCHLE SONS, INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 89-1125.
 United States Court of Appeals, Federal Circuit.
 Aug. 15, 1989.
Opinion Published in Full 891 F.2d 270.
 
 Before RICH, Circuit Judge, NICHOLS, Senior Circuit Judge,* and ARCHER, Circuit Judge.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Froeschle Sons, Inc. appeals the decision of the Armed Services Board of Contract Appeals (Board), ASBCA No. 34,864,83-3 B.C.A. p 21,099, denying its claim for an equitable adjustment to its contract with the United States. We vacate and remand.
 
 OPINION
 
 2
 The present dispute concerns the original requirements of the contract documents furnished by the government with the Invitation for Bids. It is undisputed that drawings M-20 and M-22 contain incompatible requirements concerning the sizes of the pipes and valves to be employed in the fill and defuel lines. Accordingly, our jurisprudence dictates that the dispute be resolved by classifying the ambiguity as either of the latent or patent variety. See, e.g., United States v. Turner Construction Co., 819 F.2d 283, 285 (Fed.Cir.1987). If the error is latent, Froeschle is entitled to relief if it reasonably relied upon its interpretation of the drawings. Id. Otherwise, no relief is warranted. Rather than undertaking to classify the ambiguity in one of the two categories, however, the Board instead held that Froeschle was precluded from relief because it failed to show sufficient reliance upon its claimed interpretation of the ambiguous requirement. The Board erred in applying a test that was too restrictive.
 
 
 3
 The Board found that Froeschle's subcontractor, C & C, used the claimed interpretation in pricing its work and that its price was comparable to those of other prospective subcontractors contacted by Froeschle. Froeschle's bid reflected these estimates. Because Froeschle was unaware of the inconsistency in the drawings, it adequately established reliance when it proved that its subcontractor relied on that interpretation and that there was no wide discrepancy in the other prices it obtained. Froeschle is not required to prove that it specifically included C & C's price in making its bid.
 
 
 4
 It is well to remember that price adjustments of this type are equitable in nature. In the present setting, it was the contractor who was without fault. This dispute arose because the government failed to issue solicitation documents that could be relied on. Prospective bidders are not required to perform the government's work in its stead; it too must be a responsible party in the contracting process.
 
 
 5
 Accordingly, the Board's judgment is vacated and the case is remanded for a determination of whether the error in the drawings was a patent ambiguity that Froeschle should have discovered, and had clarified by the government, prior to submitting its bid. If so, its request for an equitable adjustment should be denied. However, if the Board should find that the drawing ambiguity was one that a reasonable bidder would not normally have perceived in the bidding process, Froeschle is entitled to equitable adjustment.[1]
 
 COSTS
 
 6
 Each party shall bear its own costs.
 
 
 
 *
 NICHOLS, Senior Circuit Judge, participated in the consideration of this case but, due to illness, took no part in the decision
 
 
 [1]
 Our decision relates only to those monies sought by Froeschle which represent the increased costs of furnishing and installing (including materials and labor) four inch stock instead of the smaller sizes. The claimed "restocking" charges, as the Board found, could have been avoided had Froeschle performed the drawing check required by clause 3.2 prior to ordering the one and three inch stock. This finding would, therefore, preclude an equitable adjustment for such charges